[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-13248
_____

D.C. Docket No. 4:10-cv-00015-HLM

DAVID LONG,
TINA LONG,
individually and as natural parents of
Tyler Lee Long, Deceased,

Plaintiffs-Appellants,

versus

MURRAY COUNTY SCHOOL DISTRICT,
GINA LINDER,
in her individual and official capacity as Principal
of Murray County High School,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(June 18, 2013)

Before HULL, ANDERSON and FARRIS,[*] Circuit Judges.

PER CURIAM:

This is a sad, indeed a tragic, case.  In recognition of the intense and understandable interest in this case on the part of both parties, and in recognition of the important public interest, we have given this case the highest priority, and our study has been correspondingly careful.  We have carefully studied the briefs, the district court's opinion, and the record.  It is obvious that the district court's attention to this case was similarly comprehensive.  Our careful review of the record gives us confidence that the district court's statement of the facts properly takes all factual inferences in the light most favorable to Plaintiffs, as the well-established summary judgment standard requires.  Because of the district court's comprehensive statement of the facts, they need not be repeated here.

On the basis of our careful review of the record and consideration of the arguments of the parties (both written and oral), we are also confident that the district court has properly applied the relevant law to the facts in this record.[1]  We

---

[*]    Honorable Jerome Farris, United States Circuit Judge for the Ninth Circuit, sitting by designation.

[1]    Because both parties effectively agree that the deliberate indifference standard set forth in *Davis v. Monroe County Board of Education*, 526 U.S. 629, 633, 119 S. Ct. 1661, 1666 (1999), should apply to the § 504 and ADA claims, we find that the district court was correct in requiring Plaintiffs to show

> (1) the plaintiff is an individual with a disability, (2) he or she was harassed based on that disability, (3) the harassment was sufficiently severe or pervasive that it altered the condition of his or her education and created an abusive educational

2

agree with the reasoning and with the conclusions of law as comprehensively set out in the district court's Order.

More particularly, we agree with the district court that on hindsight the "Defendants should have done more to address disability harassment, [but that] Plaintiffs [have] fail[ed] to meet the high bar of deliberate indifference and [have failed to] demonstrate that Defendants' response was clearly unreasonable." D.C. at 161. We agree with the district court that the evidence shows a pattern on the part of Defendants of responding promptly to reported incidents, and we agree that Plaintiffs have failed to adduce evidence that would permit a jury to reasonably find "that Defendants' disciplinary responses to the reported harassment incidents were clearly unreasonabl[e]." *Id.* at 168. As the district court said, based on their communications with Ms. Long and the absence of reported incidents in the second semester of the tenth grade and the fall semester of the eleventh grade, "Defendants could have reasonably believed that their efforts to combat harassment were succeeding." *Id.* at 176. We agree with the district court that Plaintiffs have failed to adduce evidence on the basis of which a jury could reasonably find that "Defendants knew that their remedial action was ineffective." *Id.* at 174.

---

environment, (4) the defendant knew about the harassment, and (5) the defendant was deliberately indifferent to the harassment.

D.C. at 124 (quoting *S.S. v. Eastern Ky. Univ.*, 532 F.3d 445, 454 (6th Cir. 2008)).

3

"Deliberate indifference is an exacting standard; school administrators will only be deemed deliberately indifferent if their 'response to the harassment or lack thereof is clearly unreasonable in light of the known circumstances.' " *Doe v. Sch. Bd. of Broward Cnty., Fla.*, 604 F.3d 1248, 1259 (11th Cir. 2010) (quoting *Davis v. Monroe Cnty. Bd. of Ed.*, 526 U.S. 629, 648, 119 S. Ct. 1661, 1674 (1999)). For the foregoing reasons, and the reasons comprehensively set out by the district court, we conclude that Plaintiffs have failed to adduce evidence from which a jury could reasonably find that the exacting standard of deliberate indifference has been satisfied. Accordingly, the judgment of the district court is affirmed as to Plaintiffs' federal claims.[2]

AFFIRMED.

---

[2]    Plaintiffs have not appealed their state law claim.

4